IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GAYLE D. COLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Judge Ronald A. Guzmán |
| | ) |
| UNIVERSITY OF ILLINOIS, | ) 03 C 4799 |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

The University of Illinois (the "Board")[1] moves to dismiss Gayle Cole's ("Cole") *qui tam* action on the basis of *res judicata* pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). For the reasons set forth below, the Court grants the Board's motion and dismisses the lawsuit.

## PROCEDURAL HISTORY

Cole, an African-American pharmacist who works at a pharmacy maintained by the University of Illinois at Chicago, first sued the Board on July 19, 2002 ("Complaint I") under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 *et seq.*, and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a), for allegedly subjecting her to a pattern or practice of racial harassment. (Compl. I ¶ 9.) By March 11, 2003, the parties settled the lawsuit in principle and on April 8, 2003, the district court dismissed the case with prejudice and with leave to reinstate within forty-five days. Cole filed and eventually withdrew a motion to reinstate the

---

[1]The defendant correctly notes that Cole incorrectly named the "University of Illinois" as the defendant in the instant and previous lawsuits, when the entity that she is actually suing is the "Board of Trustees of the University of Illinois." 110 ILL. COMP. STAT. 350/1; *see Williams v. Univ. of Ill.*, 945 F. Supp. 163, 164 n.1 (N.D. Ill. 1996); *People ex rel. Bd. of Trs. of Univ. of Ill. v. Barrett*, 46 N.E.2d 951, 961-62 (Ill. 1943).

case, and on October 2, 2003, the district court ordered that the case remain dismissed with prejudice, consistent with the April 8 Order.

On July 11, 2003, while her motion to reinstate the initial suit was still pending, Cole filed the instant six-count complaint ("Complaint II") under the Federal False Claims Act and the Illinois Whistleblower Reward and Protection Act (the "Acts"). In Counts I-IV Cole claims that the Board is liable for civil penalties for defrauding the United States and Illinois Governments ("the Governments") by filing false prescription drug claims. (Compl. II ¶¶ 20, 23, 26, 29.) Cole alleges that the pharmacy participated in three types of nefarious conduct: (1) it over-billed the Governments by supplying patients with fewer drugs than the amounts listed on prescription drug claims submitted to the Governments; (2) it submitted claims to the Governments for prescription drugs it received as free samples; and (3) it submitted claims to the Governments for asthma medication that it received at no cost under grants. (Compl. II ¶ 15.) In Counts V-VI, Cole claims that she is entitled to personal relief under the whistleblower protection provisions of the Acts, *i.e.*, 31 U.S.C. § 3730(h) and 740 ILL. COMP. STAT. 175/4(g), because the Board "threatened, harassed, and in other ways discriminated against" her after she notified the Board of its unlawful practices. (Compl. II ¶¶ 16-17, 32, 35.)

The Acts grant the respective Governments discretion to intervene in the suit. 31 U.S.C. § 3730(b)(4)(B); 740 ILL. COMP. STAT. 175/4(b)(2). The United States notified the Court on October 15, 2004 that it would not intervene in the lawsuit; the State of Illinois effectively declined to intervene by failing to respond to the lawsuit within the sixty-day window prescribed under Illinois law, *see* 740 ILL. COMP. STAT. 175/4(b)(2). Both Governments still have a right to intervene in the suit if good cause is shown, but otherwise Cole has the right to conduct the action. 31 U.S.C. § 3730(c)(3); 740 ILL. COMP. STAT. 175/4(c)(3).

The Board has moved to dismiss under Rule 12(b)(6), arguing that Cole's whistleblower claim is barred in its entirety by her previous lawsuit under the doctrine of *res judicata*.

## DISCUSSION

*Res judicata* "preclude[s] parties from contesting matters that they have had a full and fair opportunity to litigate," which "protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153-54 (1979). The doctrine "is designed to ensure the finality of judicial decisions." *Car Carriers Inc. v. Ford Motor Co.*, 789 F.2d 589, 593 (7th Cir. 1986). Federal *res judicata* rules, not state rules, apply where the prior suit was filed in federal court. *E.E.O.C. v. Harris Chernin, Inc.*, 10 F.3d 1286, 1289 n.4 (7th Cir. 1993). A motion to dismiss based on *res judicata* may rely upon "judicially noticed documents without converting a motion to dismiss into a motion for summary judgment." *Menominee Indian Tribe of Wis. v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998). In order to succeed on a motion to dismiss based on *res judicata*, the defendant must establish: "(1) an identity of the causes of actions; (2) an identity of the parties or their privies; and (3) a final judgment on the merits." *Golden v. Barenborg*, 53 F.3d 866, 869 (7th Cir. 1995).

The third requirement is satisfied because Cole's first lawsuit was dismissed with prejudice on October 2, 2003. The parties do not dispute this point. The Court thus turns to the first two requirements.

## A. Identity of the Causes of Action

The Seventh Circuit employs the "transaction test" to determine if there is an identity of the causes of action. *Andersen v. Chrysler Corp.*, 99 F.3d 846, 852 (7th Cir. 1996). "This 'same transaction' test is decidedly fact-oriented. Once a transaction has caused injury, all claims arising from that transaction must be brought in one suit or be lost." *Car Carriers*, 789 F.2d at 593. Restated, the purpose of the transaction test is to determine if the lawsuit arises "from the same incident, events, transaction, circumstances, or other factual nebula as a prior suit that has gone to final judgment." *Okoro v. Bohman*, 164 F.3d 1059, 1062 (7th Cir. 1999). Significantly, *res judicata* not only precludes those issues raised and decided in prior lawsuits, but also all issues that could have been raised in a prior lawsuit. *Brzostowski v. Laidlaw Waste Sys.*, 49 F.3d 337, 338 (7th Cir. 1995).

Cole argues that "[a] simple review of the elements of the causes of action distinguishes the identity of the causes of action." (Pl.'s Resp. Def.'s Mot. Dismiss at 5.) Specifically, Cole states that the two lawsuits fail the transaction test because the prior lawsuit required her to prove unlawful conduct that is distinct from the current lawsuit: whereas the Civil Rights violations in Complaint I required her to show that she was harassed because of her race, the whistleblower counts in Complaint II require her to show that the Board defrauded the Governments and harassed her once she brought the fraud to its attention. *Id.* Such a review-of-the-elements analysis is an alternative to the transaction test; it is tantamount to a rights-duties approach, which this circuit has long rejected as being at odds with "fundamental policies of *res judicata*." *See Car Carriers*, 789 F.2d at 593.

In *Car Carriers*, the plaintiffs asked the court to look to the respective statutes that created the causes of action and "search [for] differences between the rights, duties and injuries

addressed by each." *Id.* The court declined, noting (in 1986) that the transaction test was embraced by courts nationwide because "[i]t preserves—far more firmly than the [rights-duties] approach—the fundamental policy concerns of the doctrine." *Id.*

Like the plaintiffs in *Car Carriers*, Cole asks the Court to look to what is legally required to prove the respective claims in order to determine whether there is an identity of causes of action. This approach would "'frustrate the doctrine of *res judicata* by cloaking the same cause of action in the language of a theory of recovery untried in the previous litigation.'" *See id.* Instead, this Court must determine whether the current and prior lawsuits stem from the same core of operative facts.

In *Brzostowski*, 49 F.3d at 339, the plaintiff sued his employer for age discrimination after having sued the employer for breach of an employment agreement. The *Brzostowski* court held that although the legal elements of each claim differed, both claims arose from the employer's actions and plaintiff's termination and thus were identical causes of action for *res judicata* purposes. *Id.*

As in *Brzostowski*, Cole's prior race discrimination and retaliation suit and her instant whistleblower suit arise out of the same core of operative facts: the Board's alleged unlawful employment practices. It is clear from reviewing Complaints I and II that both flow from the same events. In Complaint I, Cole described the Board's scheme to defraud the Governments and alleged that, after she brought the fraudulent scheme to her employer's attention, she was harassed and otherwise discriminated against "because of her race and act of 'Whistle Blowing.'" (Compl. I ¶¶ 9-10, 13.) Cole rehashed the same essential factual allegations in Complaint II, again describing the pharmacy's practice of filling out false claims (this time in greater detail) and alleging that the Board "threatened, harassed, and in other ways discriminated

against" her because she notified the Board of its unlawful practices. (Compl. II ¶¶ 15-17.) Both Complaints allege roughly the same series of events: the Board was engaged in wrongdoing, Cole notified the Board that she knew of the wrongdoing, and the Board harassed Cole. There is no indication that the Board's defrauding or harassing conduct described in the two suits were in any way distinct. Indeed, Cole even described the same illicit claim filing scheme in her first complaint and stated that the harassment was not only due to her race, but also her "act of 'Whistle Blowing.'" These events provide the factual bases for the present and prior lawsuits arise. Cole could have, and should have, included her whistleblower claims in her prior lawsuit.

## B. Identity of the Parties

*Res judicata* also requires an identity of the parties or their privies in each action; or more accurately, that the interests of the party asserting the doctrine and the party against whom it is asserted were represented in the prior lawsuit. *Dreyfus v. First Nat'l Bank*, 424 F.2d 1171, 1175 (7th Cir. 1970). Contrary to Cole's contention, the inclusion of the Governments as parties to the present suit does not defeat *res judicata*. *Id.* ("[I]t is no objection that the former action included parties not joined in the present action, or vice versa . . . ."). Rather, the inquiry is whether Cole and the Board were parties to both suits. Clearly the Board is the named defendant in both suits and Cole was the plaintiff in the prior suit. The only question remaining is whether Cole, as the relator in a *qui tam* action, is a party for the purposes of *res judicata*.

The role of the relator in a *qui tam* suit has not always been clearly defined. *See generally*, Gretchen L. Forney, Note, *Qui Tam Suits: Defining the Rights and Roles of the Government and the Relator Under the False Claims Act*, 82 MINN. L. REV. 1357 (1998)

(discussing how courts differ in viewing the roles and responsibilities of relators). In the context of discussing a relator's standing to bring a *qui tam* suit, the Seventh Circuit has sifted through Supreme Court dicta and concluded that the relator is the government's representative or agent; "the United States is the real plaintiff in a *qui tam* action." *United States ex rel. Hall v. Tribal Dev. Corp.*, 49 F.3d 1208, 1213 (7th Cir. 1995). This characterization would lead to the conclusion that a relator is merely a representative, and not a party to a *qui tam* lawsuit. But more recently, and again in the context of standing analysis, the Supreme Court refined this understanding of the relator's party status, stating that "some explanation of standing other than agency for the Government must be identified." *Vt. Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 772 (2000). That the False Claims Act explicitly states that an action is brought "for the person and for the United States Government," 31 U.S.C. § 3730(b)(1), and grants the relator a continuing role in the litigation, indicates that the relator has "an interest *in the lawsuit*, and not merely the right to retain a fee out of the recovery." *Vt. Agency of Natural Res.*, 529 U.S. at 772 (emphasis in original). The fee afforded the relator under the False Claims Act is more accurately described as a "partial assignment of the Government's damages claim." *Id.* at 773. Thus, the *qui tam* relator is "suing as a partial assignee of the United States." *Id.* at 773 n.4 (emphasis omitted); *see United States ex rel. Laird v. Lockheed Martin Eng'g & Sci. Servs.*, 336 F.3d 346, 358 (5th Cir. 2003).[2] The same conclusion also applies to the relator's relationship with Illinois, as nearly identical provisions exist in the Illinois Whistleblower

---

[2]The Fifth Circuit is the only Court of Appeals to have addressed this issue. Like Cole, the plaintiff in *Laird* filed a suit claiming that he was wrongfully discharged and then filed a subsequent *qui tam* action claiming his employer defrauded the United States. *Laird*, 336 F.3d at 349-50. The Fifth Circuit held that Laird was a party to the *qui tam* action and therefore satisfied the identity-of-parties requirement. *Id.* at 358. However, the *Laird* court held that there was not an identity of causes of action because the *qui tam* suit would not have "form[ed] a convenient trial unit" with the prior suit, a factor considered under Texas law. *Id.* at 359-60. This Court notes that the "convenient trial unit" factor is not part of the Seventh Circuit's transaction test.

Reward and Protection Act. *See, e.g.*, 740 ILL. COMP. STAT. 175/3 ("A person may bring a civil action . . . for the person and for the State). This Court concludes that Cole, as a partial assignee of the Governments, is a party to this lawsuit and that, therefore, there is an identity of the parties.

In sum, the Board has established the three factors required for *res judicata* to apply in this case. Accordingly, the Court grants the Board's motion to dismiss.

## CONCLUSION

For the reasons set forth above, the Court grants the Board's 12(b)(6) motion and hereby terminates this case.

**SO ORDERED.**                    **ENTERED:**

*/s/ Ronald A. Guzman*
HON. RONALD A. GUZMAN
**United States District Judge**

3/28/06